**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| In re: ) <br> ) <br> ) <br> TAYLOR MADISON FRANCOIS ) <br> BODINE, ) <br> ) <br> Debtor. ) <br> ) <br> ) <br> PAUL GLEIT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TAYLOR MADISON FRANCOIS ) <br> BODINE, ) <br> ) <br> Defendant. ) <br> ) | Case No. 21-11238-KHK <br><br> Chapter 7 <br><br><br><br><br><br><br><br> Adv. Proc. No. 21-01057-KHK |

## DEBTOR'S MOTION TO DISMISS THE COMPLAINT

Defendant Taylor Madison Francois Bodine ("Debtor") respectfully moves for entry of an order dismissing the "*Complaint to Determine Dischargeability of Debt Owed to Paul Gleit*" (the "Complaint") [Docket No. 1] pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) as made applicable herein by Federal Rules of Bankruptcy Procedure 7009 and 7012(b) respectively.[1]  For the reasons stated below, Count I of the Complaint does not adequately plead a claim for fraud under section 523(a)(2)(A) of the United States Bankruptcy

---

[1] All "Rule" references herein are to the Federal Rules of Civil Procedure.

Stephen E. Leach (Va. Bar No. 20601)
HIRSCHLER FLEISCHER PC
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102
(703) 946-1365
sleach@hirschlerlaw.com
*Counsel for Taylor Madison Francois Bodine*

Code (the "Bankruptcy Code") because its allegations do not satisfy the "particularity" requirements of Rule 9(b).  Likewise, Count II of the Complaint does not adequately plead a claim for willful and malicious injury under section 523(a)(6) of the Bankruptcy Code because the conduct upon which Count II is based is the same inadequately pleaded fraud alleged in Count I.  Because neither Count I nor Count II adequately pleads fraud under Rule 9(b), both Counts, and thus the entire Complaint, must be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## I.     STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter [to] 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Dismissal is appropriate if a complaint "offers labels and conclusions or a formulaic recitation of the elements of a cause of action" or "tenders naked assertions devoid of further factual enhancement." *Id.* (internal citation and quotation omitted).  It is thus insufficient for a plaintiff merely to assert that statements were fraudulent without providing any detail as to why they were false.

In all pleadings alleging fraud, Rule 9(b) requires that the "circumstances" constituting the fraud be pleaded with particularity.  The "circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation and quotation marks omitted); *Wood v. Southside Physician Network, LLC*, 2019 U.S. Dist. LEXIS 126179 at *24 (E.D. Va. July 29, 2019).  Lack of compliance with Rule 9(b)'s pleading

requirements is treated as a failure to state a claim under Rule 12(b)(6). *Wood,* at *24 (citing *Harrison*, 176 F.3d at 783 n.5).

"In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must 'allege facts sufficient to state all the elements of [his or] her claim.'" *Parkman v. Elam*, 2009 U.S. Dist. LEXIS 21578 at *6 (E.D. Va. Mar. 17, 2009) (quoting *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)) (additional citations omitted). The five elements of a claim for fraud under section 523(a)(2)(A) of the Bankruptcy Code are "(1) that the debtor made a representation; (2) that at the time the representation was made, the debtor knew it was false; (3) that the debtor made the false representation with the intention of defrauding the creditor; (4) that the creditor justifiably relied upon the representation; and (5) that the creditor was damaged as the proximate result of the false representation." *Lind-Waldock & Co. v. Morehead*, 1 Fed. Appx. 104, *106, 2001 U.S. App. LEXIS 25, **5-6 (4th Cir. 2001) (citing *Foley & Lardner v. Biondo (in re Biondo)*, 180 F.3d 126, 134 (4th Cir. 1999)).

## II. THE GENERAL FRAUD ALLEGATIONS OF THE COMPLAINT

The Complaint generally asserts that on or about May 25, 2017, plaintiff and Debtor's company entered into an "Agreement" under which Debtor's company would provide plaintiff with matchmaking and social referral services for a "Fee" of $35,000 plus a processing fee, and that plaintiff paid the Fee in installments via Visa card or wire transfers between May 20, 2017 and October 18, 2017. Paragraphs 10 – 13[2]

The Complaint then asserts that at the beginning of November 2017, Debtor and other (never identified) representatives of Debtor's company began to demand that plaintiff make additional payments to the Debtor. Paragraphs 17 – 22. These demands for additional payments

---

[2] All references herein to paragraph numbers are to paragraphs of the Complaint.

were evidently not for additional services under the Agreement, because plaintiff definitively states that "Gleit was never asked to pay, nor did he ever agree to pay, additional fees, in excess of the $35,000 Fee, for additional services beyond those contemplated by the parties' Agreement."  Paragraph 15.  Precisely what they were for is never revealed.

The Complaint next alleges that as a result of the knowingly false demands of the Debtor and company representatives, plaintiff and the company entered into a "November Agreement" under which plaintiff paid Debtor's company $81,819.  Paragraphs 22-24.  Finally, the Complaint asserts that in reliance on (other?) misrepresentations made to him (after execution of the November Agreement?) by Debtor and company representatives, plaintiff made 13 payments totaling $387,414 between November 7 and November 28, 2017 ("Additional Payments"), "$293,456 of which were paid after Gleit signed the November Agreement."  Paragraph 25.

Plaintiff then concedes that between May 25, 2017 and November 1, 2017, Debtor and her company provided plaintiff with eight (8) social introductions, resulting in six (6) social dates.  Paragraph 26.

### III. THE ALLEGED FRAUDULENT MISREPRESENTATIONS OF COMPLAINT ARE NOT PLEADED WITH SUFFICIENT PARTICULARITY

The thrust of the Complaint is not that the original Agreement was fraudulent, but that starting in November 2017, the Debtor and never-named company representatives "lied to [plaintiff] about bank fees and credit card charges *and otherwise defrauded him* and demanded and received fees well in excess of the fees contemplated by the parties' Agreement …."  Paragraph 29.  The false statements necessarily included unspecified demands other than those for bank fees and credit card charges because plaintiff says in Paragraph 24 that the demands continued after he paid an additional $81,819 under the November Agreement, which amount

4

plaintiff says was for credit card reversal charges and bank fees "*among other things*" (emphasis added). Paragraphs 22 – 24. Those "*other things*" are never specified. Instead, plaintiff amorphously asserts that Debtor and the company "knowingly *misrepresented the nature and amount* of the demanded additional payments" (paragraph 18) (emphasis added), a statement illogical on its face because Debtor could not have misrepresented *the amount* of any payments that were in fact demanded. And even if were possible to misrepresent the amount of payments being demanded, plaintiff fails to explain the "nature" or alleged purpose of those additional payments.

Given the foregoing, the Complaint fails to satisfy the particularity requirements of Rule 9(b) for multiple reasons:

First, assertions such as that the Debtor and company representatives demanded additional payments for credit card and bank fees "*among other things*" (paragraph 22), and Debtor "*otherwise defrauded* him" (paragraph 29) are precisely the type of non-particularized allegations of fraud that Rule 9(b) prohibits. If Debtor allegedly made false statements to plaintiff about anything other than credit card reversal charges and bank fees, he must specify with particularity what those statements were.

Second, even the allegations about credit card charges and bank fees lack the particularity demanded by Rule 9(b). Who made the representations, on what dates, what amounts were claimed, and precisely what was said by each speaker? The Complaint provides a general topic but none of the supporting detail that Rule 9(b) and the Fourth Circuit in *Harrison* require.

Third, why were any of the statements fraudulent or even erroneous? Were they all phony? The Complaint does not say, merely asserting the conclusion that everything was intentionally false.

Fourth, the Complaint fails to provide any support for plaintiff's claim that his reliance on the fraudulent statements (whatever they were) was "justifiable" as an essential element of a claim for fraud under section 523(a)(2)(A). To the extent that plaintiff claims that Debtor made representations about certain bank or credit card charges that were false, plaintiff could have easily reviewed his bank and credit card and wire transfer statements to assess the validity of those representations. This is particularly relevant here because plaintiff is evidently claiming that he justifiably relied on assertions that he owed roughly $82,000 in bank and credit card fees for payments under the Agreement of less than $40,000. Who would justifiably rely on such claims without any effort to verify them? But plaintiff asserts no facts whatsoever explaining how or why he justifiably relied on those statements (or the other, unspecified fraudulent statements).

Fifth, plaintiff fails to assert scienter with specificity, alleging only that Debtor knew her statements were false (paragraphs 18, 19, 22, 24) without providing any facts in support of these conclusory assertions.

Given the foregoing, plaintiff has failed to provide any or sufficient detail as to at least four of the five elements of a cause of action for fraud under section 523(a)(2)(A): the Complaint (a) fails to identify the specific fraudulent statements of the Debtor or the dates on which they were made; (b) fails to provide any basis or detail as to why the Debtor knew the specific misrepresentations were false; (c) fails to provide detail showing that the Debtor made the misrepresentations intending to defraud plaintiff; and (d) fails to show plaintiff's justifiable

reliance on the misrepresentations. In short, plaintiff has utterly failed to satisfy the pleading requirements for fraud under Rule 9(b) and Rule 12(b)(6). *See Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454,466 (S.D.N.Y. 2016) (dismissing fraud claim on Rule 12(b)(6) motion to dismiss).

Finally, the allegations upon which Count II is based are the same fraud allegations that comprise Count I. Given that Count I fails to state a fraud claim with the specificity required under Rule 9(b), Count II likewise fails to state a claim upon which relief can be granted – a plaintiff cannot evade the requirements of Rule 9(b) simply by renaming a fraud claim as one based upon willful and malicious injury under section 523(a)(6) if the injury arises from fraudulent statements.

WHEREFORE, because plaintiff has failed adequately to plead any claim upon which relief can be granted, the Court should dismiss the Complaint in its entirety and award Debtor all other relief to which she is entitled.

> Respectfully submitted,
>
> */s/ Stephen E. Leach*
> Stephen E. Leach (Va. Bar No. 20601)
> HIRSCHLER FLEISCHER, PC
> 8270 Greensboro Drive, Suite 700
> Tysons, Virginia 22102
> Telephone:    (703) 584-8902
> Email: sleach@hirschlerlaw.com
>
> *Counsel for Taylor Madison Francois Bodine*

`

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2021, I filed a true and correct copy of the foregoing Debtor's Motion to Dismiss the Complaint with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to all registered ECF users appearing in this adversary proceeding.

                                               */s/ Stephen E. Leach*
                                               Stephen E. Leach (Va. Bar No. 20601)

14223128.1  046819.00001